IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ALFRED WILLIAM LASURE, )<br>                  Plaintiff, )<br>                          )<br>v.                          )<br>                          )<br>FRED PAUER, DMH Social Worker )<br>individually, MR. H. MCMASTER, )<br>Attorney General individually, MS. WHITE )<br>DMH Social Worker individually, )<br>                          )<br>                  Defendants. )<br>_____) | CIVIL ACTION NO. 0:07-331-RBH-BM<br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who is housed in a South Carolina Department of Mental Health facility as the result of a civil commitment order, alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on July 27, 2007. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 30, 2007, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a "motion" in opposition to the Defendants' motion, with attached exhibits, on August 31, 2007. Defendants' motion is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for
(continued...)



**Background and Evidence**

Plaintiff alleges in his verified Complaint[2] that he is receiving improper treatment for psychiatric care from the Department of Mental Health. While difficult to interpret, Plaintiff's allegations appear to be that the Defendant Pauer (a social worker) and the Defendant White (a counselor) manage a focus or "process" group where they apparently encourage the participants to make up "lies" or "fantasies". Plaintiff complains that neither one of these Defendants are physicians, are not properly "trained in this field", and that having to participate in their treatment regimen constitutes "punishment" with no therapeutic value. Plaintiff alleges that the Defendant McMaster (South Carolina's Attorney General) removed him from the Department of Corrections "under a dark cloud", and placed him into this treatment Program "to get around a court order." Plaintiff alleges that the Program or system under which he is being held is no more than a "means to warehouse sex offenders....". Plaintiff seeks "injunctive and punitive relief". See generally, Verified Complaint.

In support of summary judgment in the case, the Defendant Henry McMaster has submitted an affidavit wherein he attests that he has "no idea" what the Plaintiff is referring to when he says that McMaster approved his treatment regimen as a way to get around a court order. McMaster attests that he has never provided opinions or advice relative to treatment plans at the unit for sexually violent predators, has never approved any actions of employees of the Department of

---

[1](...continued)
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



Mental Health relating to such treatment, and that he has no idea what court order Plaintiff is referring to in his Complaint. With respect to Plaintiff's claim that he [McMaster] is "warehousing" sex offenders in violation of "Article 12-2" of the South Carolina Constitution, McMaster attests that Article 12, Section 2 of the South Carolina Constitution relates only to duties of the General Assembly with respect to persons convicted of crimes, and has no application to the civil commitment of persons such as the Plaintiff, nor does that provision of the state Constitution impose any duties on the Attorney General. McMaster further attests that he again has "no idea" what Plaintiff is referring to with respect to this claim. See generally, McMaster Affidavit.

The Defendant Frederick Pauer has submitted an affidavit wherein he attests that he is licensed master social worker employed by the Department of Mental Health, and is a case manager in the Sexually Violent Predator Treatment Program. Pauer attests that Plaintiff was a member of his education and process group beginning October 6, 2007, but that Plaintiff's attendance was both sporadic and minimal. Pauer attests that Plaintiff was asked to share his past sexual assaults but that he was unable to verbalize this basic requirement in a satisfactory manner. As a result, Plaintiff was placed back into the pre-treatment track as of January 2, 2007, a decision that was made by "Dr. DePace", the program manager, based on the recommendations of a team of individuals. Pauer attests that an assignment to the pre-treatment track essentially means that the individual must start the program over and share further insight into the "ownership" of his past assaultive behaviors.

Pauer attests that he was also the facilitator of the group in the pre-treatment track, and that again Plaintiff was only minimally involved and did not attend regularly. As a result, Plaintiff was mainstreamed back into the regular treatment program after four (4) sessions. Pauer attests that, as of the date of his affidavit (July 17, 2007), Plaintiff continues to minimize his conduct

3



and as a result he may possibly be reviewed shortly for placement back into pre-treatment.

Pauer attests that he has never been Plaintiff's case manager and therefore has had no reason to carry on much conversation with him, other than when Plaintiff was in his group setting. With respect to the allegations of Plaintiff's Complaint concerning the way these group programs are managed, Pauer attests that the therapeutic process in a group session involves the participants disclosing and taking responsibility for their past actions. Pauer attests that his involvement with the Plaintiff has been limited to attempting to get him to make such disclosures in a group setting. With respect to Plaintiff's claim that his placement into pre-treatment was an "illegal act", and that the name was therefore changed to "entertreatment" in order to get around a court order, he has no idea what the Plaintiff is referring to.

Pauer attests that he has never received opinions or advice from the Attorney General relative to treatment plans at the unit for sexually violent predators, and that he has no idea what Plaintiff is referring to when he references a court order in his Complaint. With respect to Plaintiff's claims that he is being punished, Pauer attests that he has never punished the Plaintiff for anything, and in fact has never taken any action with respect to the placement of Plaintiff within the program. Pauer attests that, as previously stated, the decision to place Plaintiff into the pre-treatment track was not made by him. See generally, Pauer Affidavit.

The Defendant Hyacinth White has submitted an affidavit wherein she attests that she is a licensed professional counselor with the Sexually Violent Predators Treatment Program, and that her responsibilities include providing advisory and consultative programs in the Sexually Violent Predator Treatment Program. White attests that her exposure to the Plaintiff has been in the capacity of working as his case manager from approximately August 2006 until January 2007. White attests

4



that she has never "punished" the Plaintiff for anything, that she has never taken any action with respect to the placement of Plaintiff within the program, and that the decision to place Plaintiff into the pre-treatment track was not made by her. See generally, White Affidavit.

Finally, the Defendants have submitted an affidavit from Chad Lominick, who attests that he is the Director of the Sexually Violent Predator's Treatment Program, responsible for overseeing and supervising the daily clinical operations of that Program. Lominick attests that the treatment team for the Sexually Violent Predator's Treatment Program consists of numerous physicians, including a medical director who is a psychiatrist, a nurse practitioner, two psychologists, and various other individuals such as professional counselors, master social workers, and therapists. Lominick attests that this unit is adequately staffed, and that while some of the positions have been temporarily vacant as a result of staff resignations from time to time, on such occasions temporary staff were detailed to the unit in order to cover some of the vacancies during such periods. Lominick attests that at no time did a treatment team of the unit consist solely of Pauer and White, as Plaintiff appears to allege in his Complaint. Further, the make-up of the treatment team in South Carolina is typical of such treatment teams in other states, and the professions represented on the treatment team are appropriate for the functions which the individual professionals are asked to perform. See generally, Lominick Affidavit.

As attachments to his opposition "motion", Plaintiff has submitted several forms which indicate he has at times been placed on therapeutic room restriction or other restrictions, as well as copies of his interdisciplinary progress notes from October 2006 through February 2007, although it is not clear whether these are all of his progress notes for this period of time or only some of them.

5



**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Plaintiff has been convicted of committing a lewd act on a child under the age of sixteen (16), and after maxing out his sentence was transferred to the Behavior Disorders Program as a sexually violent predator (SVP) pursuant to S.C.Code Ann. § 44-48-10, et. seq.. See LaSure v. SCDC, C/A No. 0:04-944; Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) [This Court may take judicial notice of the contents of its own records.]; see also LaSure v. South Carolina Dept of Corrections, 139 Fed.Appx. 585 (4th Cir. 2005), cert. denied, 126 S.Ct. 1131 (2006). The SVP Act allows the commitment of persons determined to be sexually violent predators (SVPs) beyond the completion of their criminal sentence. This Act was passed in response to concerns that "a mentally abnormal and extremely dangerous group of sexually violent predators

6



exists who require involuntary civil commitment in a secure facility for long-term control, care, and treatment." S.C.Code Ann. § 44-48-20. The Behavioral Disorders Treatment Program was established to treat individuals committed to the Department of Mental Health pursuant to the South Carolina Sexually Violent Predator Act.

As an SVP civil committee, Plaintiff's custody status would appear to most closely resemble that of a pretrial detainee. *Cf.* Larch v. Gintoli, 04-1962, 2006 WL 895019, **3-4 (D.S.C. March 31, 2006); see also McLam v. Chavez, No. 05-1765, 2006 WL 1663797, *2 (D.S.C. June 8, 2006); S.C.Code Ann. § 44-48-80(D), as amended. Hence, Plaintiff's conditions of confinement are evaluated under the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535, n. 16 (1979). Under this standard, as is the case with convicted prisoners under the Eighth Amendment, the inquiry is whether any named Defendant has been deliberately indifferent to Plaintiff's serious medical or other needs. See Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988), citing Estelle v. Gamble, 429 U.S. 97 (1976). "Due process requires that the conditions and duration of confinement under the SVP Act bear some reasonable relation to the purpose for which persons are committed." McLam, 2006 WL 1663797, at *2, citing Seling v. Young, 531 U.S. 250, 265 (2001).

After careful review of the evidence and arguments submitted by the parties in this case, the undersigned concludes that summary judgment is appropriate. The claims and allegations Plaintiff sets forth in his Complaint are so general and conclusory and lacking in any specific facts or supporting documentation or evidence that they are simply not sufficient to maintain a claim by the Plaintiff for violations of his constitutional rights. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]. See Bender

7



v. Surburban Hospital, Inc., 159 F.3d 186 (4th Cir. 1998); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"].  Indeed, it is difficult to discern exactly what Plaintiff's claims are, other than he does not like participating in group therapy sessions and does not feel like a requirement that he do so should be part of his civil commitment.  Whatever their merits, these allegations do not establish a violation of Plaintiff's constitutional rights.  While under the due process clause a detainee may not be "punished", the mere fact that Plaintiff does not like participating in such therapy sessions does not constitute "punishment" for purposes of a § 1983 claim, nor does the undersigned find that any evidence that has been submitted to this Court is sufficient to give rise to a genuine issue of fact as to whether Plaintiff has been subjected to "punishment" in violation of the Constitution. *Cf.* Kollyns v. Bennington, No. 3:04-CV-1941, (filed Mar. 24, 2005), aff'd, 157 Fed.Appx. 658, 2005 WL 3370062 (4th Cir. 2005)).

In order to prove his claims, Plaintiff would have to present evidence to show that a named Defendant engaged in conduct "for the very purpose of causing harm or with the knowledge that harm [would] result." Farmer v. Brennan, 114 S.Ct. 1970, 1978-1979 (1994); Wilson v. Seiter, 501 U.S. 294, 298 (1991). Plaintiff has presented no such evidence.  Although Plaintiff has a liberty interest in receiving reasonable care in reasonably non-restrictive conditions of confinement; see Youngberg v. Romeo, 457 U.S. 307, 324 (1982); Plaintiff has failed to present any evidence to show that these therapy sessions fall outside of this requirement, particularly when his allegations are contradicted by evidence showing that these programs are standard fair throughout the country. Youngberg, 457 U.S. at 323 [liability may be imposed only when evidence is submitted to show that

8



"the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment"]. Indeed, it is not clear that Plaintiff is even required to participate in these therapy sessions, as the evidence before the Court indicates that he rarely did so, which resulted in his being transferred out of the program.

Finally, the allegations of Plaintiff's Complaint fail to set forth any viable § 1983 claim against the Defendant McMaster.  McMaster appears to have been named as a Defendant simply because he is South Carolina's Attorney General, and because Plaintiff believes McMaster is a vehicle through which he can challenge his custody status under Article 12 Section 2 of the South Carolina Constitution.  However, even if the Court were to find that McMaster was a proper party Defendant for such a claim, this claim has itself been previously rejected by this Court. *Cf.* Miller v. Gintolo, No. 05-2366, 2006 WL 1663788, at *5 (D.S.C. 2006) ["Since South Carolina did not create a liberty interest for SVPs in Article 12 Section 2 of the state Constitution, no Fourteenth Amendment protections run to the plaintiff'"]; Kollyns v. Bennington, supra.

### Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

September 11, 2007



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

