IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| ALFRED WILLIAM LASURE, ) | Civil Action No.: 0:07-cv-331-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| FRED PAUER, DMH Social Worker ) | |
| individually; MR. H. MCMASTER, ) | |
| Attorney General individually; and ) | |
| MS. WHITE, DMH Social Worker ) | |
| individually; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, Alfred William LaSure, is currently confined at a South Carolina Department of Mental Health facility as a result of a civil commitment order requiring him to participate in the Behavioral Disorders Treatment Program ("BDTP") for Sexually Violent Predators. Plaintiff, proceeding *pro se*, brought this action under 42 U.S.C. § 1983 challenging, among other things, his treatment and various aspects of the administration of the BDTP.

Pending before the court is Defendants' [Docket Entry #40] motion for summary judgment. This matter is before the court with the Report and Recommendation [Docket Entry #51] of Magistrate Judge Bristow Marchant filed on September 11, 2007.[1] Also pending before the court is Plaintiff's [Docket Entry #54] motion for leave to file an Amended Complaint.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation

---

[1]   This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(d) and (e).

has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

The Magistrate Judge and the Defendants both noted that Plaintiff's Complaint was fairly difficult to interpret.[2] In his objections to the Magistrate Judge's Report and Recommendation, however, Plaintiff attempts to clarify the allegations in his Complaint. As stated in his objections, Plaintiff alleges: 1) that Defendant McMaster knowingly committed Plaintiff to the Behavioral Disorders Treatment Program for Sexually Violent Predators; a program that Plaintiff claims "does not exist" because it does not adequately treat individuals such as himself; 2) that Defendant McMaster's actions in committing Plaintiff to the BDTP caused Plaintiff to lose a "speedy remedy" to resolve an outstanding Florida warrant; 3) that

---

[2] *See* Memorandum in Support of Defendants' Joint Motion for Summary Judgment, at pg.1, [DocketEntry# 40-2]; Report and Recommendation of the Magistrate Judge, at pg. 2, 7-8, [Docket Entry #51].

2

two of the BDTP counselors, Defendants Pauer and White, who Plaintiff claims are not licensed in the care and treatment of Adult Sexual Predators and are not qualified to treat him, retaliated against Plaintiff for refusing to participate in certain group therapy sessions; and 4) Defendants Pauer and White caused Plaintiff to be transferred from the BDTP program without a court Order.  Plaintiff specifically states in his objections that he is not challenging his confinement with this lawsuit, but that he is seeking damages for violations of his constitutional rights.

The Magistrate Judge recommended that summary judgment be granted in favor of the Defendants on the merits of Plaintiff's claims concluding that Plaintiff had failed to state or show any cognizable violation of 42 U.S.C. § 1983.  This court agrees.  In support of their motion for summary judgment, Defendants submitted several affidavits, which the Magistrate Judge accurately summarized in his Report.[3]  Importantly, Plaintiff has submitted no competent evidence to refute these affidavits.  Based on the record before it, the court cannot conclude that any genuine issue of material fact exists as to whether constitutional violations occurred concerning Plaintiff's treatment at the BDTP.

With regard to his claim that Defendant McMaster caused Plaintiff to lose a speedy remedy to resolve an outstanding Florida warrant, that claim is wholly without merit.  Speedy trial rights in Florida do not attach until the person is charged by indictment or information.  *See* Fla. R. Crim. P. 3.191(a)-(b); Fla. Stat. Ann. § 918.015 (2007).  Plaintiff has produced no evidence that he has been charged by indictment or information on the outstanding warrant in Florida.  Furthermore, Plaintiff has provided no authority for the proposition that an individual

---

[3] *See* Report and Recommendation, at pgs. 2-5, [Docket Entry #51].

is constitutionally entitled to speedy resolution of an outstanding warrant.

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed the Plaintiff's objections and finds that they are without merit.

As to Plaintiff's motion for leave to file an Amended Complaint, the court has reviewed the proposed Amended Complaint and concludes that the proposed Amended Complaint is essentially a restatement of Plaintiff's objections. Because the court has fully considered and overruled Plaintiff's objections, the proposed amendment would be both moot and futile.

### Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #51] of the Magistrate Judge. Accordingly, Defendants' [Docket Entry #40] motion for summary judgment is **GRANTED**. Plaintiff's [Docket Entry #54] motion for leave to file an Amended Complaint is **DENIED** as moot. Plaintiff's case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

March 18, 2008                                           s/ R. Bryan Harwell
Florence, South Carolina                                 R. Bryan Harwell
                                                         United States District Judge